```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

BLAKE STRICKLAND,               }
                                }
     Plaintiff,                 }
                                }      CIVIL ACTION NO.
v.                              }
                                }      2:14-CV-1389-WMA
BOARD OF TRUSTEES OF THE        }
UNIVERSITY OF ALABAMA, et       }
al.,                            }
                                }
     Defendants.                }

## MEMORANDUM OPINION

This court, pursuant to its plenary power over interlocutory orders, *see Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000), hereby substitutes the following opinion and accompanying order for its prior order (Doc. 17), now finally deciding the motion to dismiss (Doc. 9) filed by defendants University of Alabama at Birmingham ("UAB"), Board of Trustees of the University of Alabama ("the Board"), Anthony Purcell, and Marvin Atmore. For the reasons that follow, defendants' motion will be granted in part and denied in part.

## BACKGROUND[1]

Plaintiff Blake Strickland, a white male, has served as a law enforcement officer with the UAB Police Department since July 2007. (Doc. 1 at 4, ¶ 14). Since Strickland began employment with UAB, he

---

[1] Because of the standard of review for motions brought under Fed. R. Civ. P. 12(b)(6), all facts alleged by Strickland are accepted as true.

1

has sought promotion many times. He was granted a promotion at least twice (Doc. 1 at 5, ¶¶ 15, 16), but the defendants denied his application at least eight times (Doc. 1 at 6, ¶ 19).

Eventually Strickland began to notice a pattern in these repeated rejections. According to Strickland, each time he was denied a promotion, the defendants selected instead a "less qualified, less experienced" African American for the position. (Doc. 1 at 6, ¶ 19). He provides an example. In March 2013, Strickland applied for the Captain position, but Chief Purcell, an African American male, instead promoted an African American female who "had never supervised anyone in her career." (Doc. 1 at 7, ¶ 21). To accomplish this, Chief Purcell unilaterally reclassified her from her position of "officer" to "sergeant" without her being formally interviewed and promoted, in violation of the department's internal policies. (Doc. 1 at 7, ¶ 21).

The UAB Police Department consists of 66% African American officers, 29% white officers, and (presumably) 5% officers of other races. (Doc. 1 at 6, ¶ 18). The command staff is made up of Chief Purcell, an African American, Deputy Chief Atmore, an African American, five Captains, all African Americans, and one Lieutenant, an African American. (Doc. 1 at 5-6, ¶ 18). When a position becomes available, applicants are interviewed by a panel. (Doc. 1 at 5, ¶ 17). The panel consists of Chief Purcell and three individuals of his choosing, who are not associated with the police department;

Chief Purcell selects new panel members for each interview session. (Doc. 1 at 5, ¶ 17). Chief Purcell retains final decision-making authority on all promotions. (Doc. 1 at 5, ¶ 17).

After growing tired of being repeatedly passed over, Strickland filed a Charge of Discrimination with the EEOC on April 24, 2013. (Doc. 1 at 8, ¶ 25). Five days later, after Strickland informed the department of the EEOC charge, an African American captain, under orders from Deputy Chief Atmore, issued Strickland a written reprimand for "failing to cancel a vehicle pursuit" approximately a month earlier. (Doc. 1 at 9, ¶¶ 27-28). Strickland's reprimand was the only reprimand regarding a vehicle pursuit issued in at least six years. (Doc. 1 at 10, ¶ 32). When the reprimand was issued, Strickland claimed that the reprimand was in retaliation to his EEOC charge and that he would appeal the reprimand to UAB Human Resources; the Captain "sincerely encouraged [him] to do so." (Doc. 1 at 9, ¶ 28).

To prepare for the appeal of his reprimand, Strickland requested a recording of the radio communication during the pursuit. Chief Purcell and/or Deputy Chief Atmore denied his request. (Doc. 1 at 10-11, ¶ 32). During the hearing, Strickland was not allowed to confront evidence or testimony presented against him or listen to the radio communication. His appeal was denied. (Doc. 1 at 11-12, ¶ 35).

Subsequent to his EEOC charge, Strickland was placed on the

night shift indefinitely, despite the fact that another officer had specifically requested that shift. (Doc. 1 at 10, ¶ 30). He was also denied permission to teach various courses to other UAB police officers, even though he had taught them in the past and failure to conduct the classes would result in decreased resources for the department. (Doc. 1 at 10, 12, ¶¶ 31, 36). For at least one of the courses, he was the only certified instructor in the department. (Doc. 1 at 10, ¶ 31). He was also prevented from applying for at least one promotion due to the above-described reprimand. (Doc. 1 at 11, ¶ 33).

## DISCUSSION

Strickland commenced this action on July 18, 2014, alleging (1) harassment and hostile work environment under 42 U.S.C. §§ 1981, 1983; (2) discrimination and retaliation under Title VII of the Civil Rights Act of 1964; (3) discrimination under 42 U.S.C. §§ 1981, 1983; (4) retaliation under 42 U.S.C. §§ 1981, 1983; (5) the Alabama tort of outrage; (6) failure to train, supervise, and discipline under 42 U.S.C. § 1983; and (7) conspiracy under 42 U.S.C. § 1985. The defendants moved to dismiss on various grounds. Each will be discussed below.

**A. UAB as a Defendant**

UAB has moved to be dismissed from the action in its entirety, and Strickland does not object to this motion. The capacity of a public university to be sued is governed by state law. Fed. R. Civ.

4

P. 17(b)(3). Alabama law grants the Board of Trustees "all the rights, powers, and franchises" of UAB, "with all the corresponding duties, liabilities and responsibilities." Ala. Code § 16-47-2 (1975). Because of this delegation, UAB itself is not a suable entity. The proper party to be named is the Board of Trustees. *See Jeongah Kim v. Ala. Agric. & Mech. Univ.*, No. 5:12-cv-2190-TMP, 2013 WL 1834619, *2 (N.D. Ala. Apr. 29, 2013).

**B. §§ 1983, 1985 Claims**

The Board argues that it is not subject to suit under 42 U.S.C. §§ 1983 or 1985. As stated above, the Board is a state agency. *Cox v. Bd. of Trustees of Univ. of Ala.*, 49 So. 814, 817 (Ala. 1909). A state or state agency is not subject to suit under § 1983 because it is not a "person" within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Separately, but relatedly, the Eleventh Amendment protects state agencies from suit. *Id.* at 66. "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986). Because Congress has not overridden the immunity for § 1983 actions, *Will*, 491 U.S. at 66, and the State of Alabama has not waived it, *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990), the Board is

entirely immune from Strickland's § 1983 claims. The same applies to his § 1985 claim, because Congress has not abrogated the immunity, *Fincher v. Fla. Dep't of Labor and Emp't Sec.*, 798 F.2d 1371, 1372 (11th Cir. 1986), and Alabama has not waived it, *Wright v. Butts*, 953 F. Supp. 1352, 1358 (M.D. Ala. 1996). Therefore, Counts I, III, IV, VI, and VII are due to be dismissed as against the Board.

Chief Purcell and Deputy Chief Atmore also seek dismissal of the §§ 1983 and 1985 claims brought against them in their official, but not their individual,[2] capacities. A suit against a state official in his official capacity "is no different from a suit against the State itself," so officials acting in their official capacities are not "persons" under § 1983. *Will*, 491 U.S. at 71. State officials sued in their official capacities also enjoy the same immunity under the Eleventh Amendment as the state itself, since "the state is considered the real party in interest because an award of damages would be paid by the state." *Carr*, 916 F.2d at 1524. An exception to this immunity exists, however, when the plaintiff seeks "prospective injunctive relief against state officials acting in violation of federal law," *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004), because such suits are against "persons" under § 1983, *Will*, 491 U.S. at 71 n.10, and the suit "is

---

[2]Liability in the officers' individual capacities may be subject to the yet-unraised defense of qualified immunity.

not treated as an action against the state" for Eleventh Amendment purposes, *Cross v. Ala. Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995). Consequently, Counts I, III, IV, VI, and VII will be dismissed against Chief Purcell and Deputy Chief Atmore in their official capacities to the extent that Strickland seeks damages, but not to the extent that Strickland seeks prospective injunctive relief (as contained in his prayer for relief).

## C. Title VII

Chief Purcell and Deputy Chief Atmore argue for dismissal of the Title VII claim brought against them. "Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Title VII actions may be brought against employees, but only in their official capacities, since such a suit essentially brings a claim against the employer. *Cross*, 49 F.3d at 1504. When the employer is already named in a Title VII suit, however, "the claims against the employer's agents are redundant and unnecessary and thus due to be dropped." *Greenwell v. Univ. of Ala. Bd. of Trustees*, No. 7:11-CV-2313-RDP, 2012 WL 3637768, *6 (N.D. Ala. Aug. 22, 2012). Because Strickland has also sued the Board under Title VII, the Title VII claim will be dismissed as against Chief Purcell and

Deputy Chief Atmore in both their official and individual capacities.

**D. Tort of Outrage**

The Board and the officers (in their official capacities) seek dismissal of Strickland's outrage claim (based upon Alabama law) on Eleventh Amendment grounds. Because of the states' Eleventh Amendment immunity, "a federal court may not entertain a cause of action against a state [or state agencies or officials] for alleged violations of state law, even if that state claim is pendent to a federal claim which the district court could adjudicate." *DeKalb Cnty. Sch. Dist. v. Schrenko*, 109 F.3d 680, 688 (11th Cir. 1997). Notably, the exception allowing for prospective injunctive relief against a state official in his official capacity is inapplicable to state-law claims. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Consequently, Count V is due to be dismissed entirely against the Board and against the officers in their official capacities.

Chief Purcell and Deputy Chief Atmore, in their individual capacities, also argue for dismissal of the outrage claim under Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court must "'accep[t] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff.'" *M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.

2003)). A complaint must, however, "state a claim to relief that is plausible on its face" to survive such a motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has identified two working principles for district courts to apply in ruling on motions to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In order to recover [for the tort of outrage], a plaintiff must demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (quoting *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)) (internal quotations omitted). The officers challenge the

sufficiency of Strickland's allegations, pointing to the limited nature of the second element. Under Alabama law, "[t]he tort of outrage is an extremely limited cause of action. It is so limited that this Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment." *Potts*, 771 So. 2d at 465 (internal citations omitted). The officers argue that because Strickland does not allege any of these three circumstances, his claim fails as a matter of law.

Strickland correctly points out, however, that according to the Alabama Supreme Court, the tort is not confined to these circumstances. The court, addressing this exact argument, stated, "That is not to say, however, that the tort of outrage is viable in only the three circumstances noted in *Potts*." *Little*, 72 So. 3d at 1172-73. What is important, as in every claim, is whether Strickland's allegations satisfy the requirements of the cause of action, so the court does not find Strickland's claim insufficient as a matter of law simply because his specific allegations have not previously been found sufficient.

**E. § 1983 Failure to Train, Supervise, and Discipline**

Finally, defendants contend that Count VI of Strickland's complaint, entitled "Section 1983 Failure to Train, Supervise, and Discipline," fails to state a claim. "§ 1983 provides every person

10

with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1299 (11th Cir. 2007). "A § 1983 plaintiff must allege a specific federal right violated by the defendant." *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010). Apart from the heading of the claim, however, Strickland mentions no constitutional law or other federal law whatsoever; instead, Strickland essentially asserts the elements of a state-law negligent supervision claim against the Board. Because no federal rights are identified or readily apparent, Count VI will be dismissed in its entirety.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss will be granted in part and denied in part. A separate order will be entered.

DONE this 1st day of December, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE